UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

   - v. -

JORGE ENRIQUE YEPES,

               Defendant.

- - - - - - - - - - - - - - - - x

INDICTMENT

08 Cr.

08 CRIM 537

COUNT ONE

(Wire Fraud)

The Grand Jury charges:

1. JORGE ENRIQUE YEPES, the defendant, purported to be the Vice President of Finance for the Americas for a Fortune 500 company (the "Current Employer").

2. From at least in or about April 2008 to at least in or about May 2008, JORGE ENRIQUE YEPES, the defendant, was engaged in a scheme to mislead and defraud an international company in the business of providing packaging solutions ("the Hiring Company") to hire YEPES as its Chief Financial Officer ("CFO"). To effect this illegal scheme, and to secure the position of CFO at the Hiring Company, YEPES sent or caused to be sent fictitious documents and correspondence to a national executive search firm ("the Search Firm"), including a fictitious email purportedly sent from the CFO of the Current Employer, a forged letter purportedly signed by an attorney ("the SEC Attorney") from the United States Securities and Exchange

Commission (the "SEC"), and a fictitious email exchange between YEPES and the SEC Attorney.

3. In or about April 2008, the Search Firm, on behalf of the Hiring Company, began to conduct a job search for the position of CFO at the Hiring Company. Based on the job description provided to the Search Firm by the Hiring Company and the information that the Search Firm maintained about JORGE ENRIQUE YEPES, the defendant, from a prior job placement of YEPES, the Search Firm contacted YEPES to determine his level of interest in the position.

4. On or about April 10, 2008, JORGE ENRIQUE YEPES, the defendant, who was located in Miami, Florida, participated in a video conference call with a partner of the Search Firm, in New York, New York. During this call YEPES informed the Search Firm that he was interested in the CFO position. YEPES also told the Search Firm that he was currently employed at the Current Employer, and had been since in or about July 2005, when, in truth and in fact, YEPES had been fired by the Current Employer in or about June 2006 for inappropriate conduct. YEPES also failed to disclose to the Search Firm that he had formerly been employed at another entity ("the Former Employer") or that he had been fired from the Former Employer in or about February 2007 for violations of the Former Employer's policies and procedures.

5. On or about April 23 and 29, 2008, after the video

conference call which occurred on or about April 10, 2008, JORGE ENRIQUE YEPES, the defendant, interviewed with the Chairman of the board of directors of the Hiring Company, the Chief Executive Officer of the Hiring Company, and two additional members of the board of directors of the Hiring Company. Following these interviews the Hiring Company offered YEPES the job position of CFO with a start date of May 12, 2008. The CFO position paid a $300,000 base salary, plus a 50 percent target bonus, and provided for a one percent equity interest in the Hiring Company. However, it is the Search Firm's routine procedure to conduct reference and background checks before a candidate formally begins work with a company. Accordingly, the Search Firm conducted additional due diligence on YEPES.

      6.  On or about April 29, 2008, the SEC Attorney mailed a letter ("the April 29th Letter") to JORGE ENRIQUE YEPES, the defendant, requesting that YEPES voluntarily provide information to the SEC in connection with an SEC investigation of the Former Employer.

      7.  On or about May 5, 2008, during a telephone call between JORGE ENRIQUE YEPES, the defendant, and a partner at the Search Firm, and in response to a specific inquiry by the partner, YEPES falsely advised the Search Firm that he had briefly worked at the Former Employer as a favor requested by the CFO of the Current Employer, and that YEPES had subsequently

resigned from the Former Employer. When the Search Firm asked YEPES if it could speak to the CFO of the Current Employer, YEPES advised the Search Firm that the CFO of the Current Employer would not talk to the Search Firm. In furtherance of the scheme, on or about May 6, 2008, using the email account "jeyepes@yahoo.com", YEPES sent or caused to be sent to the Search Firm two fictitious emails purporting to be written from the CFO of the Current Employer stating, in substance, that (a) because of his job as CFO of the Current Employer, the CFO could not take a telephone call from the Search Firm; (b) YEPES had worked at the Former Employer at the CFO's request; (c) YEPES worked at the Former Employer for less than a week; (d) YEPES was currently employed by the Current Employer; and (e) YEPES's work at the Former Employer should not impact his ability to secure employment with the Hiring Company.

       8. In furtherance of the scheme, on May 6, 2008, using the email account "jeyepes@yahoo.com", JORGE ENRIQUE YEPES, the defendant, sent or caused to be sent an email and an attached document to the Search Firm. The document attached to the email was a letter, dated March 28, 2008 ("the March 28th Letter"), purporting to be from the SEC Attorney, stating that the SEC had received proof of "irregularities at [the Former Employer] that led to the Company's subsequent delisting from NASDAQ trading" and that NASDAQ had identified YEPES as the person who provided

such proof. The March 28th Letter further requested that YEPES contact the SEC Attorney for a voluntary interview. The email to which the letter was attached stated, in substance, that YEPES had been struggling to find the March 28th Letter since his conversation with the Search Firm on May 5, 2008, and that he did not intend to contact the SEC unless the SEC requested a formal deposition. In truth and in fact, the SEC Attorney never sent a letter to YEPES on March 28, 2008. Instead, YEPES used the template from the April 29th Letter sent to him by the SEC Attorney, and created a phony letter, <u>i.e.</u> the March 28th Letter, which YEPES then sent or caused to be sent to the Search Firm, in an effort to convince the Search Firm that YEPES should be cleared to begin employment as the CFO of the Hiring Company.

        9. In furtherance of the scheme, on or about May 7, 2008, using the email account "jeyepes@yahoo.com", JORGE ENRIQUE YEPES, the defendant, sent or caused to be sent to the Search Firm, located in New York, New York, an email message stating "I believe this is GREAT!!" and signed "Regards, Jorge." Attached to the email were two additional emails dated May 7, 2008. The first email purported to have been written and transmitted by YEPES to the SEC Attorney, and the second email purported to have been written by the SEC Attorney in response to YEPES. The first email stated, in substance, that: (a) YEPES had received the March 28th Letter; (b) YEPES wanted to know what the SEC expected

5

from him; (c) YEPES wanted a statement from the SEC detailing what, if any, future actions the SEC would take against YEPES as a consequence of his involvement with the Former Employer; and (d) YEPES was being "considered for a new position at a very important Company and will appreciate . . . prompt clarification".

10. The second email, purportedly written by the SEC Attorney, stated, in substance, that: (a) the SEC's investigation has "come a long way" since JORGE ENRIQUE YEPES, the defendant, was initially asked to supply voluntary information to the SEC; (b) the information YEPES provided to NASDAQ "has been of uppermost importance" to the SEC's investigation and had "provided the staff with valuable perspective in this matter"; (c) the SEC no longer required the assistance of YEPES, but that it might require him to be a witness in the future; and (d) the SEC wished YEPES the "best of luck in [Yepes's] future endeavors." In truth and in fact, YEPES, not the SEC Attorney, wrote or caused the writing of the second email.

11. JORGE ENRIQUE YEPES, the defendant, wrote or caused the writing of the May 7th email exchange between himself and the SEC Attorney, set forth above in paragraphs 9 and 10, which he then emailed or caused to be emailed to the Search Firm, in an effort to convince the Search Firm that YEPES had no outstanding issues with the SEC and therefore should be cleared

to begin employment as the CFO of the Hiring Company.

12. As a result of the information obtained by the Search Firm about JORGE ENRIQUE YEPES, the defendant, including, among other things, YEPES's misrepresentations concerning his employment at the Former Employer, YEPES's misrepresentations concerning his employment at the Current Employer, and YEPES's misrepresentations about the status of the SEC's investigation, on or about May 8, 2008, the job offer of CFO of the Hiring Company was withdrawn. As YEPES well knew, the Hiring Company would not have initially offered YEPES the position of CFO had it known, among other things, the true quality and adequacy of YEPES's qualifications for the CFO position, and the true status of the SEC's investigation, and his misrepresentations deprived the Hiring Company of information necessary for it to decide whether or not to hire YEPES.

<u>Statutory Allegation</u>

13. From at least in or about April 2008 to at least in or about May 2008, in the Southern District of New York and elsewhere, JORGE ENRIQUE YEPES, the defendant, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, unlawfully, willfully and knowingly would and did transmit and cause to be transmitted by means of wire, radio, and television communication in

interstate and foreign commerce, writings, signs, signals, pictures and sounds for the purpose of executing such scheme and artifice, to wit, on or about April 10, 2008, while in Miami, Florida, YEPES participated in a video conference call with an individual in New York, New York, for the purpose of defrauding the Hiring Company.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT TWO

(Wire Fraud)

The Grand Jury further charges:

14. The allegations contained in paragraphs 1 through 12 of this Indictment are repeated and realleged as if fully set forth herein.

15. From at least in or about April 2008 to at least in or about May 2008, in the Southern District of New York and elsewhere, JORGE ENRIQUE YEPES, the defendant, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, unlawfully, willfully and knowingly would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds for the purpose of executing such scheme and artifice, to wit, on or about May 6, 2008, YEPES sent an email

8

that traveled in interstate commerce and was opened in New York, New York, attaching a fraudulent letter purporting to be written from an attorney at the SEC for the purpose of defrauding the Hiring Company.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT THREE

(Wire Fraud)

The Grand Jury further charges:

16. The allegations contained in paragraphs 1 through 12 of this Indictment are repeated and realleged as if fully set forth herein.

17. From at least in or about April 2008 to at least in or about May 2008, in the Southern District of New York and elsewhere, JORGE ENRIQUE YEPES, the defendant, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, unlawfully, willfully and knowingly would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds for the purpose of executing such scheme and artifice, to wit, on or about May 7, 2008, YEPES sent an email that traveled in interstate commerce and was opened in New York, New York, attaching a fraudulent email purporting to be written

from an attorney at the SEC for the purpose of defrauding the Hiring Company.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT FOUR

(Counterfeiting and Forgery)

The Grand Jury further charges:

18. The allegations contained in paragraphs 1 through 12 of this Indictment are repeated and realleged as if fully set forth herein.

19. From at least in or about April 2008 to at least in or about May 2008, in the Southern District of New York and elsewhere, JORGE ENRIQUE YEPES, the defendant, falsely made, forged, counterfeited, mutilated, and altered the seal of a department and agency of the United States, and any facsimile thereof, and knowingly used, affixed, and impressed such fraudulently made, forged, counterfeited, mutilated, and altered seal and facsimile thereof to and upon a certificate, instrument, commission, document and paper of any description, to wit, YEPES copied the seal of the United States Securities and Exchange Commission and affixed such seal onto a letter he created and then emailed to the Search Firm in New York, New York.

(Title 18, United States Code, Sections 506 and 2.)

_____  
FOREPERSON

_____  
MICHAEL J. GARCIA  
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

JORGE ENRIQUE YEPES,

Defendant.

### INDICTMENT

08 Cr. _____

(Title 18, United States Code,
Sections 1343, 506 and 2.)

MICHAEL J. GARCIA
United States Attorney.

**A TRUE BILL**

_____
Foreperson.

06/12/08  INDICTMENT FILED